**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

_____

| | |
|---|---|
| MELONY J. WATTS, | Cause No. CV-06-44-BU-SEH-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT |
| STATE OF MONTANA, and the DEPARTMENT OF HEALTH AND FAMILY SERVICES, et. al. | |
| Defendants. | |

_____

In accordance with Local Rule 73.1 this matter was assigned to United States Magistrate Judge Carolyn Ostby upon opening. By Judge Molloy's Standing Order (Document 13) of January 13, 2007, the case was reassigned to the undersigned.

Plaintiff, proceeding pro se, brings this action against the State of Montana, the Department of Health and Family Services, and a number of state and county employees. (Document 1).  Plaintiff has also filed two Motions to Amend her Complaint (Documents 8 and 11) and a Motion for Leave to File Excess Pages. (Document 10).

**I.  PENDING MOTIONS**

Rule 15 of the Federal Rules of Civil Procedure provides that parties may amend their pleading once as a matter of course at any time before a responsive pleading is served. Thereafter, the party may only amend by leave of court or with consent of the adverse party. Leave shall be freely given when justice so requires.  Plaintiff has already amended her complaint

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 1

once.  The Court has considered the information contained in Plaintiff's motions to amend and in

her excess pages submitted in response to the Court's Order of October 4, 2006.  However, as the

Court is recommending that Plaintiff's case be dismissed on jurisdictional grounds and Plaintiff's

motions to amend her complaint seek to add a number of additional defendants, her motions

(Documents 8 and 11) will be denied.  Plaintiff's response to the Court's Order of October 4,

2006 having been considered in full, the motion to file excess pages (Document 10) will be

granted.

## II.  NATURE OF ACTION

Plaintiff's claims arise out of state court proceedings regarding the custody of Plaintiff's

three children.  Plaintiff alleged in her original complaint that she has been harassed, intimidated

and belittled for many years by her ex-husband and now Defendants are assisting him.

(Document 1, p. 4, ¶ IV(A)(1)).  In her first Amendment to her Complaint, Plaintiff alleged

"discrimination, retaliation, black balling, harassment, intimidation and malicious acts" by all

Defendants. (Document 5, p. 1).  On October 4, 2006, Magistrate Judge Carolyn Ostby required

Plaintiff to answer a number of questions in order to assist the Court with its analysis of

Plaintiff's claims.  In her response to the Court's Order, Plaintiff contends that Defendants have

acted with discrimination, bias, hatred, retaliation, harassment and much more.  (Document 12, p.

1).

## II. PRELIMINARY SCREENING OF THE ALLEGATIONS OF THE COMPLAINT

Pursuant to the federal statute governing proceedings in forma pauperis and proceedings

by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits

of the claims.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 2

Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Plaintiff's pro se pleadings are to be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Plaintiff's complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and "should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claims which would entitle her to relief."  Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).

## III.  ANALYSIS

The first question to be addressed by this Court is whether it has subject matter jurisdiction over Plaintiff's claims.  Federal courts unlike state courts are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F. 2d 1280 (9th Cir. 1977).  Therefore, Plaintiff must make a prima facie showing of subject

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 3

matter jurisdiction in order to maintain her claims.  <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F. 2d 299, 301 (9th Cir. 1986).


### A.  <u>Diversity Jurisdiction</u>

Plaintiff's claims could be liberally construed as claims under Montana state law. However, Plaintiff has failed to allege and cannot establish complete diversity of citizenship given that she and the named Defendants are all citizens of the State of Montana.  <u>See</u> 28 U.S.C. § 1332.

### B.  <u>Federal Question Jurisdiction</u>

In order to establish federal question jurisdiction, Plaintiff must state a claim arising under the Constitution, laws or treaties of the United States. <u>See</u> 28 U.S.C. § 1331.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

Liberally construed, the Court could consider Plaintiff's claims to be brought under 42 U.S.C. § 1983 since she has named state agents as Defendants who are presumably acting <u>under color of state law</u>.  <u>West v. Atkins</u>, 487 U.S. 42 (1988).  However, Plaintiff does not make mention of the United States Constitution, or any federal laws or treaties in her many filings with this Court.  Therefore, the Court must determine whether Plaintiff has made any allegations that could be liberally construed as deprivations of rights, privileges or immunities secured by the

United States Constitution or laws.

Plaintiff was requested by the Court's October 4, 2006 Order to provide the Court with information regarding why Defendants were harassing, intimidating, belittling, discriminating against and retaliating against her.  The Court also requested Plaintiff to give the status of the criminal charges arising from her June 30, 2006 arrest, to identify what policies and/or procedures which DFS apparently did not follow, and to explain what each Defendant personally did to cause her damages.  (Document 7, p. 4).

Plaintiff responded with a sixteen-page recitation of the facts of her case.  However, she did not specifically answer the Court's questions.  Even in this lengthy explanation of her claims, Plaintiff did not specifically allege an improper motive under federal law for the alleged acts of Defendants.  Therefore, Plaintiff has failed to specifically identify a federal claim.

While it may be possible for Plaintiff to amend her complaint to state a federal claim, the Court finds that it is unnecessary to do so since this matter should be dismissed pursuant to the "domestic relations exception" and the <u>Younger</u> doctrine.

Plaintiff stated her request for relief in such broad terms that it is unclear what precisely she is seeking.  Plaintiff indicates that she wants her "rights, libertys [sic], and personal relations protected"; she wants the individuals involved in her case removed from their jobs; and she wants justice to prevail. (Document 1, p. 5, ¶ VI).  Although Plaintiff has not specifically asked the Court to review the state court child custody proceedings, it appears that her ultimate goal is to have her children returned to her custody.  This the Court cannot do.

## 1. Domestic Relations Exception

Federal courts customarily decline to intervene into the realm of domestic relations.  The

United States Supreme Court held long ago that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ex parte Burrus, 136 U.S. 586, 593-594, 10 S.Ct. 850, 34 L.Ed. 500 (1890); see also Mansell v. Mansell, 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); Moore v. Sims, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern").

Thus, a "domestic relations exception" has developed that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). In addition, federal courts can decline to hear a case involving "elements of the domestic relationship," id., at 705, 112 S.Ct. 2206, even when divorce, alimony, or child custody is not strictly at issue:

> This would be so when a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.' Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

Id., at 705-706, 112 S.Ct. 2206 (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976)).

This concept was recently reconfirmed by the United States Supreme Court with the determination that,

> while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, see, e.g., Palmore v. Sidoti, 466 U.S. 429, 432-434, 104 S.Ct. 1879, 80 L.Ed.2d 421 (1984), in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 6

Elk Grove Unified School District v. Newdow, 542 U.S. 1, 13 (2004).[1]

Therefore, the Court should decline to exercise jurisdiction in this matter since ultimately it involves elements of the domestic relations and a child custody decree is at issue.

## 2. Younger Abstention Doctrine

It appears Plaintiff's filings that the state court action regarding the custody of her children is still pending.  If it is not, then Plaintiff will have an opportunity to raise this as an objection to this Court's Findings and Recommendation.

There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  Younger v. Harris, 401 U.S. 37, 45, 91 S. Ct. 746, 751 (1971); see also Gooding v. Hooper, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968).  "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts."  Dubinka v. Judges of Superior Court of State of California for County of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994) (citing Younger, 401 U.S. at 43-44, 91 S. Ct. at 750).  Therefore, Younger directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th Cir. 1997) (overruled on other grounds Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001)(citing Younger, 401 U.S. at 40-41, 91 S. Ct. at 748-49) overruled in part on other grounds by Gilbertson v. Albright, 381

---

[1]The Palmore case referred to by the Court in Newdow raised "important federal concerns arising from the Constitution's commitment to eradicating discrimination based on race." Palmore, 466 U.S. at 432. There do not appear to be any such concerns in the case at bar.

F.3d 965 (9th Cir. 2004)(en banc)).  When applicable, <u>Younger</u> abstention requires dismissal of the federal action, not a stay.  <u>San Remo Hotel v. City and County of San Francisco</u>, 145 F.3d 1095, 1103 (9th Cir. 1998).

The federal courts may raise the issue of <u>Younger</u> abstention sua sponte.  <u>Martinez</u>, 125 F.3d at 781 n.3 (citing <u>Bellotti v. Baird</u>, 428 U.S. 132, 143-44 n.10, 96 S. Ct. 2857, 2864-65 n.10, 49 L. Ed. 2d 844 (1976)).  <u>See</u> also <u>San Remo Hotel</u>, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

The Ninth Circuit has stated that <u>Younger</u> abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the Plaintiff with an adequate opportunity to raise the federal claims.  <u>Hirsh v. Justices of the Supreme Court of the State of California</u>, 67 F.3d 708, 712 (9th Cir. 1995); <u>Martinez</u>, 125 F.3d at 781; <u>Gartrell Constr., Inc. v. Aubry</u>, 940 F.2d 437, 441 (9th Cir. 1991); <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982).

Here, it appears that the child custody issue has not been resolved.  Therefore, there is an ongoing state judicial proceeding which implicates important state interests regarding the custody of children. <u>See</u> <u>Burrus</u>, 136 U.S. 586.  While Plaintiff is complaining that she is not being treated fairly in state court, she has an adequate opportunity in the Gallatin County District Court and the Montana Supreme Court to raise federal questions and concerns that affect her constitutional rights.  Accordingly, this Court finds that all three prongs of the <u>Younger</u> test have been satisfied.

### C.  <u>Eleventh Amendment</u>

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 8

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The U.S. Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).

The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence Plaintiff's claims for damages against the State of Montana and its agency, the Department of Family Services are not cognizable in this Court. This is not an issue which could be cured by the allegation of additional facts.

Accordingly, Plaintiff's claims against the State of Montana and the Department of Family Services are barred by the Eleventh Amendment of the United States Constitution.

## IV. COMMUNICATIONS WITH THE CLERK OF COURT'S OFFICE

The Court has been advised that Plaintiff has made several phone calls and visits to Clerk of Court's Office in Butte, Montana and has acted and spoken is a disrespectful manner to the Court's staff during these interactions. Accordingly, Plaintiff is directed to only communicate with the Court through written letter. She is not to call or visit the Clerk's Office.

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's Motions to Amend her Complaint (Documents 8 and 11) are **DENIED.**

2. Plaintiff's "Motion and petition to request my affidavit consist of more than 6 pages" (Document 10) is **GRANTED.**

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 9

3.  Plaintiff is directed to only communicate with the Court through written communication.  She is not to call or visit the Clerk of Court's Office.

Further, the Court enters the following:

## RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Order and Findings and Recommendation of the United States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), she has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after entry of this document on the Court's docket as indicated on the Notice of Electronic Filing attached hereto, or objection is waived.

DATED this 9th day of April, 2007.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 10